FILED

**NOT FOR PUBLICATION**

FEB 22 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANAHEIM UNION HIGH SCHOOL DISTRICT, | No. 13-56738 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-06588-MWF-JC |
| v. | |
| J.E., a minor, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California,
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 9, 2016**
Pasadena, California

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,*** Senior District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

In this Individuals with Disabilities Education Act (IDEA) action, student J.E., through his parent Monica Beauchamp, appeals the district court's award of attorney fees and costs. We review an award of attorney fees under IDEA for an abuse of discretion. *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1243–44 (9th Cir. 2015). Under IDEA, a court "may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). IDEA requires that any fee award "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.* § 1415(i)(3)(C).

J.E. first argues that the district court abused its discretion by reducing the hourly rate requested by his attorney, Tania Whiteleather, without an adequate explanation. Whiteleather submitted a declaration requesting fees for 99.15 hours of administrative hearing work at a rate of $450 per hour, and 69.65 hours of district court work at a rate of $475 per hour. Whiteleather also submitted affidavits of other IDEA attorneys in the Los Angeles area which established a range of fees between $350–$560 per hour. The district court found the number of hours reasonable, but concluded that a rate of $400 per hour for all work performed was "in line with the prevailing community rate for private attorneys with skill and experience comparable to [Whiteleather]." Such a conclusion was supported by

the evidence Whiteleather submitted, and was not an abuse of discretion. Furthermore, the district court adequately explained its conclusion that rates above $400 per hour were on the high end of fees charged in the relevant market, and therefore not "prevailing" as required by IDEA. *See* 20 U.S.C. § 1415(i)(3)(C); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990) ("The district court must provide a concise but clear explanation of its reasons for the fee award.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

J.E. next argues that the district court abused its discretion by denying his request for paralegal fees. Generally, paralegal fees are recoverable by prevailing parties in an IDEA action, however, "prevailing parents may not recover the costs of experts or consultants." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 300 (2006). J.E. requested $16,650 in paralegal fees for the work of Dr. Susan Burnett. The district court determined that Dr. Burnett had worked as an expert or consultant in the case, not as a paralegal. That conclusion is amply supported by the record. Dr. Burnett was introduced as an educational consultant at the due process hearing and was identified as an advocate in Whiteleather's billing records. Furthermore, Dr. Burnett billed Whiteleather for tasks that are not typical of paralegals, such as reviewing J.E.'s educational assessments and

Individualized Education Program goals.  Whiteleather's declaration in support of her fee request states that Dr. Burnett meets the definition of paralegal in the California Business and Professions Code, but provides no evidence to support that assertion.  Accordingly, the district court did not abuse its discretion in rejecting the claim for paralegal fees.

**AFFIRMED.**